UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**DONALD LEE CURTIS,**

                        **Plaintiff,**

           **-v-**                          **9:12-CV-1140 (NAM/TWD)**

**DONALD HAUG, F.S.A., Upstate Correctional
Facility; BRIAN FISCHER, Commissioner, NYS
DOCCS; CATHERINE JACOBSEN, Asst.
Commissioner for Programs; LT. G. GARDNER,
Shawangunk Corr. Facility; J. SMITH,
Superintendent Shawangunk Corr. Facility;
DOMINICK VENETTOZZI, Acting Direction of
Special Housing Disciplinary Programs,**

                        **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Donald Lee Curtis
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582
Plaintiff *pro se*

Hon. Eric T. Schneiderman, Attorney General for the State of New York
Richard Lombardo, Esq., Assistant Attorney General
The Capitol
Albany, NY 12224
Counsel for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

In this *pro se* inmate civil rights case under 42 U.S.C. § 1983, United States Magistrate

Judge Thérèse Wiley Dancks has issued a Report-Recommendation (Dkt. No. 32) recommending

that the Court, upon screening plaintiff's amended complaint, dismiss without leave to amend: all

claims against defendants in their official capacities; the Religious Land Use and Institutionalized

Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, claim; and the First Amendment free exercise claim. Magistrate Judge Dancks further recommends dismissing with leave to amend: the Eighth Amendment claim regarding meals; the First Amendment and equal protection claims regarding reading materials; the due process claim regarding special housing unit ("SHU") confinement; the Eighth Amendment claims regarding SHU confinement; and the retaliation claim.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Here, plaintiff makes a "categorical objection . . . to the overall" Report-Recommendation (Dkt. No. 33), and a specific objection to the dismissal of his RLUIPA, First Amendment and Eight Amendment claims regarding meals. Plaintiff claims that defendants denial of a kosher, low sodium high fiber,[1] meal violates his rights. Additionally, plaintiff moves (Dkt. No. 35) for appointment of counsel.

**Objections to Report-Recommendation**

As Magistrate Judge Dancks stated, money damages are not available under RLUIPA, *Sosamon v. Texas*, 131 S.Ct. 1651, 1659 (2011), and plaintiff's claim for injunctive relief is moot because he has been transferred away from Upstate Correctional Facility, where the alleged violation took place. *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). To the extent plaintiff claims, for the first time, in his objections, that the violation continues, the Court notes that he has not identified anyone at Green Haven Correctional Facility, where is housed at present, who is forcing him "to abandon his religious tenets and eat diet non-kosher foods". Dkt. 35, p.3. Thus, should plaintiff wish to pursue this claim, he must name as defendants the individuals, if any, who are personally involved in this alleged RLUIPA violation, to the extent it

---

[1]In April 2011, a nurse practitioner prescribed a low sodium, high fiber diet for plaintiff.

-2-

continues, at Green Haven.[2]

With respect to plaintiff's First Amendment claim, in view of the allegation he makes in his objection to the Report-Recommendation: that defendants are forcing plaintiff "to abandon his religious tenets and eat diet non-kosher foods", Dkt. No. 35, p.3, the Court cannot say defendants are entitled to qualified immunity at this point in the litigation. It is well settled that "prison officials must provide a prisoner a diet that is consistent with his religious scruples." *Bass v. Coughlin*, 976 F.2d 98, 99 (2d Cir. 1992) (per curiam). Thus, to the extent plaintiff claims defendants forced him to abandon his kosher diet, his claim may proceed as against defendant Donald Haug, Catherine Jacobsen and Brian Fischer.

Finally, the Court agrees that the amended complaint does not allege facts plausibly suggesting that defendants "served plaintiff nutritionally inadequate food prepared and served under conditions presenting an immediate danger to the health and well being of the inmates who consume it", in violation of the Eighth Amendment. Dkt. No. 32, p.14; *see Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) ("the Eighth Amendment prohibition against cruel and unusual punishment does require that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'") (quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)). Plaintiff may, however, file an amended complaint with respect to his Eighth Amendment meal claim.

The Court has considered plaintiff's categorical objection, and upon *de novo* review,

---

[2]Given plaintiff's assertion in his amended complaint that the "Hot Kosher Program" at Green Haven "does not serve the high sodium foods plaintiff receives in the cold alternate kosher diet tray", Dkt. No. 30, p.15, it is unclear whether he intends to pursue this claim.

accepts and adopts the remainder of the Report-Recommendation in its entirety.

**Motion to Appoint Counsel**

Plaintiff moves (Dkt. No. 35) "for assignment of pro bono counsel pursuant to" 28 U.S.C.

§ 1915. Courts cannot utilize a bright-line test in determining whether counsel should be

appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir.1997).

Instead, the Court must consider a number of factors. *Hodge v. Police Officers*, 802 F.2d 58,

60–61 (2d Cir. 1986). As a threshold matter, the court should ascertain whether the indigent's

claims seem likely to be of substance. *Id.* The Court next considers:

> "the indigent's ability to investigate the crucial facts, whether conflicting evidence
> implicating the need for cross-examination will be the major proof presented to the
> fact finder, the indigent's ability to present the case, the complexity of the legal issues
> and any special reason in the case why appointment of counsel would be more likely
> to lead to a just determination."

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir.1994) (quoting *Hodge*, 802

F.2d at 61-62). No one factor is controlling, "each case must be decided on its own facts."

*Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802

F.2d at 61).

A review of the record in this case indicates that the issues are not overly complex.

Further, it appears to the Court as though plaintiff, to date, has effectively litigated this action.

While it is possible that there will be conflicting evidence implicating the need for cross-

examination at the time of the trial of this matter, as is the case in many actions brought by pro se

litigants, "this factor alone is not determinative of a motion for appointment of counsel."

*Velasquez*, 899 F.Supp. at 974. Moreover, the Court will likely appoint trial counsel at the final

pretrial conference if this case survives any dispositive motions defendants may file. Finally, the

Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. Thus, the Court finds that appointment of counsel is unwarranted at this point.

**CONCLUSION**

It is therefore

**ORDERED** that the Report-Recommendation (Dkt. No. 32) is rejected with respect to the dismissal with prejudice of plaintiff's meal-related RLUIPA claims that may arise from his housing at Green Haven and plaintiff's meal-related First Amendment claims and is otherwise adopted in its entirety; and it is further

**ORDERED** that all claims against defendants in their official capacities are dismissed without leave to amend; and it is further

**ORDERED** that all RLUIPA claims arising from plaintiff's meals at Upstate Correctional Facility are dismissed without leave to amend; and it is further

**ORDERED** that the following claims are dismissed **with leave to amend**: (1) any meal-related RLUIPA claim that may arise from his housing at Green Haven; (2) the Eighth Amendment claim regarding meals; (3) the First Amendment and equal protection claims regarding reading materials; (4) the due process claim regarding SHU confinement; (5) the Eighth Amendment claim regarding SHU confinement; and (6) the retaliation claim; and it is further

**ORDERED** that if plaintiff wishes to proceed with the following claims:

(1) any meal-related RLUIPA claim that may arise from his housing at Green Haven; (2) the Eighth Amendment claim regarding meals; (3) the First Amendment and equal protection claims regarding reading materials; (4) the due process claim regarding SHU confinement; (5) the Eighth

-5-

Amendment claim regarding SHU confinement; and (6) the retaliation claim, he must file a second amended complaint within **thirty (30) days** of the filing date of this Decision and Order. Any amended complaint submitted in response to this Decision and Order must identify by name the individuals alleged to have been personally involved in the acts of misconduct or wrongdoing complained of and must set forth a short and plain statement of the facts plaintiff relies on in support of his claim that the defendants' conduct violated his constitutional rights. Plaintiff's second amended complaint, which shall supersede and replace in its entirety the amended complaint, must be signed by plaintiff and must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief herein; and it is further

**ORDERED** that upon the filing of a second amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

**ORDERED** that in the event plaintiff fails to file a signed second amended complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment **dismissing the following claims**: (1) the RLUIPA claim in its entirety; (2) the Eighth Amendment claim regarding meals; (3) the First Amendment and equal protection claims regarding reading materials; (4) the due process claim regarding SHU confinement; (5) the Eighth Amendment claim regarding SHU confinement; and (6) the retaliation claim, without prejudice pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that defendants Haug, Jacobsen and Fischer answer the First Amendment

-6-

meal-related claim and that defendants J. Smith, G. Gardner, and Dominick Venettozzi be directed to answer the due process claim regarding the combined disciplinary hearing; and it is further

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 35) is denied without prejudice to renewal prior to trial, and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Date:   November 5, 2014

Norman A. Mordue
Senior U.S. District Judge