UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**DONALD LEE CURTIS,**

                          **Plaintiff,**

                    **-v-**                      **9:12-CV-1140 (NAM/TWD)**

**DONALD HAUG, F.S.A., Upstate Correctional Facility; BRIAN FISCHER, Commissioner, NYS DOCCS; CATHERINE JACOBSEN, Asst. Commissioner for Programs; LT. G. GARDNER, Shawangunk Corr. Facility; J. SMITH, Superintendent Shawangunk Corr. Facility; DOMINICK VENETTOZZI, Acting Direction of Special Housing Disciplinary Programs,**

                               **Defendants.**
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Donald Lee Curtis
Din # 86-A-3111
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953
Plaintiff, *Pro Se*

Hon. Eric T. Schneiderman, Attorney General for the State of New York
Richard Lombardo, Esq., Assistant Attorney General
The Capitol
Albany, NY 12224
Counsel for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

In this *pro se* inmate civil rights case under 42 U.S.C. § 1983, United States Magistrate Judge Thérèse Wiley Dancks has issued a Report-Recommendation (Dkt. No. 43) recommending that the Court, upon screening plaintiff's second amended complaint,[1] dismiss without leave to

---

[1] Plaintiff brought this civil rights action alleging that defendants violated his constitutional rights by holding a combined disciplinary hearing on two separate misbehavior reports without informing him, forcing him to choose between the kosher meal required by his religion and the meal required by his

amend plaintiff's due process claim regarding special housing unit ("SHU") confinement and his Eight Amendment claims regarding SHU confinement; dismiss as abandoned plaintiff's claims regarding meals, reading materials, and retaliation; terminate defendants Fischer, Haug, and Jacobsen from the action; and direct defendants Smith, Gardner, and Venettozzi to answer the due process claims regarding the combined disciplinary hearing.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Here plaintiff has filed an objection and a supplemental objection (Dkt. Nos. 44, 45) objecting to the dismissal the majority of these claims. As set forth below, the Report-Recommendation and Order is adopted in part and rejected in part.

**A.     Claims Regarding Meals**

In her Report-Recommendation, Judge Dancks recommended dismissal of plaintiff's claims regarding the meals he received, finding that he did not assert these claims in his Second Amended Complaint and determining that he had decided not to pursue these claims. (Dkt. No. 43 at 11). Judge Dancks noted that she previously recommended dismissing plaintiff's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, regarding meals as moot because he was no longer housed at Upstate Correctional Facility. This Court granted plaintiff leave to name any individuals involved in this alleged RLUIPA violation at Green Haven, where he was housed at the time, in his second amended complaint. (Dkt. No. 36 at

---

medical needs, censoring his reading materials, confining him to the Special Housing Unit ("SHU"), and retaliating against him for filing grievances. (Dkt. No. 1). Defendants moved to dismiss the original complaint. (Dkt. No. 20). In opposition, plaintiff included a proposed amended complaint. (Dkt. No. 23-1). After review of the amended complaint, Judge Dancks recommended dismissal of certain claims. (Dkt. No. 32). Plaintiff objected. (Dkt. No. 33). In light of plaintiff's claims in his objection, this Court granted him leave to file a second amended complaint. (Dkt. No. 36).

2-3). Judge Dancks correctly observes that plaintiff did not include this claim in his second amended complaint. However, in his objection, (Dkt. No. 44), plaintiff explains that this was because he was "receiving Hot Kosher meals" while housed at Green Haven. Plaintiff states that he has since been returned to Upstate Correctional Facility as of March 26, 2015. Therefore, based on this change, the Court will reject the portion of the Report-Recommendation that recommends dismissal of this claim. Plaintiff will be permitted to file a third amended complaint to include a claim for injunctive relief under RLUIPA regarding his meals.

Likewise, Judge Dancks found that plaintiff had decided not to pursue his Eighth Amendment and First Amendment claims regarding meals. (Dkt. No. 43 at 12, 16). For the same reasons explained above, this Court will permit plaintiff to include these claims regarding meals in his third amended complaint.

**B.     Due Process Claim Regarding Combined Disciplinary Hearing**

Judge Dancks recommended that plaintiff be permitted to proceed on his claim regarding the combined disciplinary hearing against defendants Smith, Gardner, and Venettozzi. This Court adopts Judge Dancks' recommendation. Therefore, plaintiff should include this claim in his third amended complaint.

**C.     Equal Protection Claim**

Plaintiff also claims in his objections that the Court has never addressed his claim under the Fourteenth amendment claim that the "white inmate written up for the same conduct" was treated more favorably than plaintiff. (Dkt. No. 45 at 2-3). In his second amended complaint, plaintiff asserts that "as plaintiff is African American and the other inmate was white and considered the C.O.'s pet [] the disposition reeked of a double standard." (Dkt. No. 39 at 7). In light of his pro se

status, the court will permit plaintiff to include this claim in his third amended complaint.

### D. Claims Regarding SHU Confinement

The Court has thoroughly reviewed plaintiff's objections and Judge Dancks' report-recommendation with respect to his due process and Eighth Amendment claims regarding his SHU confinement and finds no error. These claims are dismissed without leave to amend, and should not be included in the third amended complaint.

### E. Abandoned Claims

Plaintiff confirms in his objection that, as noted by Judge Dancks, he abandons his retaliation claim and his claim regarding reading materials. (Dkt. No. 45 at 7). Therefore, the Court adopts Judge Dancks' recommendation and dismisses these claims and they should not be included in the third amended complaint.

## CONCLUSION

It is therefore

**ORDERED** that the Report-Recommendation (Dkt. No. 43) is adopted in part and rejected in part as set forth herein; and it is further

**ORDERED** that plaintiff file a third amended complaint within **thirty (30) days** of the filing date of this Decision and Order in which he may assert claims regarding his meals, his due process claim regarding the combined disciplinary hearing, and his equal protection claim. Any amended complaint submitted in response to this Decision and Order must identify by name the individuals alleged to have been personally involved in the acts of misconduct or wrongdoing complained of and must set forth a short and plain statement of the facts plaintiff relies on in support of his claim that the defendants' conduct violated his constitutional rights. Plaintiff's third

amended complaint, which shall supersede and replace in its entirety the second amended complaint, must be signed by plaintiff and must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief herein; and it is further

**ORDERED** that in the event plaintiff files a signed third amended complaint within thirty (30) days in accordance with this Order, the Clerk shall return the file to this Court for further review; and it is further

**ORDERED** that in the event plaintiff fails to file a signed third amended complaint within thirty (30) days in accordance with this Order, defendants Fischer, Haug, and Jacobsen shall be terminated from this action, and defendants Smith, Gardner, and Venettozzi shall answer plaintiff's due process claim regarding the combined disciplinary hearing in his second amended complaint within twenty-one (21) days; and it is further

**ORDERED** that the following claims are dismissed with prejudice: (1) the due process claim regarding SHU confinement; (2) the Eighth Amendment claim regarding SHU confinement; (3) the First Amendment and equal protection claims regarding reading materials; and (4) the retaliation claim; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Date:   September 30, 2015

Norman A. Mordue
Senior U.S. District Judge